MORIAL, Judge
(dissenting).
Except for the difference in the bond required of Notaries Public of the Parish of Orleans (“* * * ten thousand dollars * * * subscribed in favor of the governor, and conditioned for the faithful performance and discharge of the duties of the notary as a notary public * * * LSA-R.S. 35:253), Parish of Caddo ( * * * five thousand dollars subscribed in favor of the Governor of the state, and conditioned as the law directs for the faithful performance and discharge of his duties as a notary public * * * LSA-R.S. 35:392 and 394), and the other 62 parishes of the state (* * * one thousand dollars conditioned for the faithful performance of all duties required by law toward all persons who may employ him in his profession of notary; * * * R.S. 35:191), the qualifications and authority (administering of an oath within the parish for which he is commissioned) of a Notary Public are the same in each of the 64 parishes of Louisiana. Among the general powers of a notary public are many functions for which an oath is administered within territorial jurisdiction but, nevertheless, vitally effect economic interest, property, or rights of parties beyond parish lines. See LSA-R.S. 35:1 et seq and LSA-R.C.C. Article 2232 et seq.
The question presented by this case, is whether a different bond requirement based upon territorial jurisdiction (area limitation of authority to administer an oath) of a Notary under the present statutory scheme bears a rational relationship to the state’s objective sought to be advanced by LSA-R.S. 35:191, 253, 392, and 394.
Our statutory scheme establishes no classification of Notaries Public. All Notaries Public in Louisiana are similarly treated except for the provisions relating to bond and the requirements of LSA-R.S. 35:323 et seq, which apply only to the Parish of Orleans. I perceive of no rational basis for different statutory treatment of these state commissioned officers. Disparate bond requirements based solely upon territorial jurisdiction such as here cannot be sustained. Absent any diversity of authority, the statutory scheme draws a sharp *626 line among the bond requirements for Notaries Public of the Parish of Orleans, Parish of Caddo and the other 62 parishes. It necessarily commands dissimilar treatment among notaries who are similarly situated and produces invidious discrimination. It establishes a differing treatment that is subject to scrutiny under the Equal Protection Clause. For differing treatment of Notaries Public to be sustained it must be reasonable, not arbitrary and rest upon some ground of difference having a fair and substantial relation to the object of the legislation, so that all notaries similarly circumstanced shall be treated alike.
The statutory scheme appears to be patently unreasonable. Accordingly, it is my opinion that this case should be remanded for a hearing to determine if there is a reasonable basis for a different bond requirement among Notaries Public and if there is a rational basis for the dissimilar treatment of Notaries Public of Orleans Parish as required by LSA-R.S. 35:323 et seq.
For the reasons assigned, I respectfully dissent.